UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

R&M MARKETING, INC., et al.,

     Plaintiffs,

v.                                CASE NO. 8:16-cv-46-T-23TBM

BEST BUY AUTO OF TAMPA BAY,
INC., et al.,

     Defendants.

_____/

## ORDER

In November 2015, Kenneth Collado, the sole owner and president of Best Buy Auto of Tampa Bay, Inc.; Maaliki; and a third person signed a "Contract for Sale and Purchase of Best Buy Auto of Tampa Bay, Inc., Etc." (Doc. 1-2) and became equal owners of Best Buy. Under the contract, Maaliki agreed to purchase his portion of Best Buy shares for $100,000 and to lend $50,000 to Best Buy. The contract permitted Maaliki to satisfy the lending requirement by delivering to Best Buy, in lieu of cash, motor vehicles that the owners agreed were worth $50,000.[1] Accordingly, Maaliki delivered Best Buy nineteen vehicles (which Maaliki valued at approximately $250,000) and a boat and trailer (which Maaliki valued at approximately $15,000) with the intent both to satisfy in full the $50,000 lending

_____

[1] Although the complaint alleges that Maaliki could satisfy both the $100,000 purchase requirement and the $50,000 lending requirement by delivering vehicles, the contract states, "The agreed value of each [vehicle] . . . shall be credited towards [only] the $50,000[] loan that Maaliki is required to make." (Doc. 1-2 at 12)

requirement and to have Best Buy sell the remaining assets "on a consignment basis."[2]  (Doc. 1 at 2)

In December 2015, before Best Buy sold any of Maaliki's assets, the owners agreed to rescind the contract by signing a "Release and Rescission of Contract for Sale and Purchase of Best Buy Auto of Tampa Bay, Inc., Etc." (Doc. 1-13). However, contrary to the rescission agreement, Best Buy refuses to return the vehicles, the boat, and the trailer.  Maaliki and R&M Marketing, Inc., (which conducts business as Maaliki Motors) sue (Doc. 1) Collado and Best Buy for replevin.  Arguing that "this is a corporate dispute," the defendants move (Doc. 11) "to have [Collado] and [Maaliki] dropped from the litigation."[3]  The plaintiffs move (Doc. 5) for an order to show cause and move (Doc. 14) for a hearing on the request for replevin.

## 1. Motion to Dismiss

### A. Collado

Arguing that Best Buy has possession of the assets, the defendants move to dismiss the claims against Collado.  However, this action is for the rescission of a

---

[2] Whether the parties agreed on a value for the vehicles and for the boat and trailer is unclear.

[3] The motion suggests that Best Buy is "storing" the assets for Maaliki (Doc. 11 at 2) and highlights an invoice (Doc. 1-17) from Best Buy to Maaliki Motors for "storing" the assets. However, the defendants move only "to have [Collado] and [Maaliki] dropped from the litigation" and not to dismiss based on the argument that the assets remain on Best Buy's premises because Maaliki Motors fails to retrieve them and not because Best Buy refuses to return them. Further, the plaintiffs discredit the suggestion of "storage" by arguing that "Defendants have ignored Plaintiffs' repeated demands for the return of their property" and that Maaliki observed several of the assets on the premises of a different company. (Doc. 5 at 2)

contract between Maaliki and Collado.  Collado sold Best Buy shares by signing the sale contract in his "personal" capacity, despite signing the same contract on a line identifying him the "president" of another corporate party to the contract.[4]  (Doc. 1-2 at 7)  Further, rather than listing Best Buy's obligations, the contract lists Collado's personal obligations, such as "execut[ing] a hold harmless agreement in the form attached hereto as Exhibit 'B' [and] promising to indemnify, defend and hold harmless Best Buy, Robert Quinette and Walid Maaliki, from Best Buy's debts that pre-exist the closing of the sale of Best Buy stock."  (Doc. 1-2 at 3–4)  Collado is a proper defendant in this action.[5]

### B. Maaliki

Moving "to have [Maaliki] . . . dropped from the litigation," the defendants argue that Maaliki is not a real party in interest.  Under Rule 17, Federal Rules of Civil Procedure, "[a]n action must be prosecuted in the name of the real party in interest," that is, "the person who possesses the right sought to be enforced."  Wright & Miller, *Federal Practice and Procedure*, Vol. 6A, § 1542 (3d ed. 2015).  However, Maaliki, not R&M Marketing, purchased Best Buy shares and delivered assets to Best Buy in satisfaction of the contractual requirement to lend $50,000 to Best Buy.

---

[4] Francisco Arias and Sherman M. Brod, neither of whom is mentioned in the complaint, signed the contract on behalf of Collado. Arias signed above the line that says, "Kenneth Collado, Personally." (Doc. 1-2 at 7) Brod signed above the line that says, "Kenneth Collado, President [of Ken Collado, Inc.]" (Doc. 1-2 at 8)

[5] Best Buy is not a party to the contract. However, the defendants are correct that the assets that Maaliki seeks to replevy remain on Best Buy's premises. Because Best Buy has "an interest relating to the subject of the action," Best Buy is under Rule 19, Federal Rules of Civil Procedure, a necessary party to this action. Collado and Best Buy are both proper defendants in this action.

Maaliki "possesses the right" to replevy the assets and is a proper plaintiff in this action.[6]

## 2. Motion for an Order to Show Cause and Motion for a Hearing

The plaintiffs (1) move (Doc. 5) for "an order to show cause why [the] personal property detained by Defendants . . . should not be taken from their possession and delivered to Plaintiffs" and (2) move (Doc. 14) for a hearing on the request for replevin.  Rule 64, Federal Rules of Civil Procedure, allows the plaintiffs to seek select state remedies, such as replevin, in federal court.  Pertaining to replevin, Section 78.065(2), Florida Statutes, states:

> If, upon examination of the complaint filed and on further showing of the plaintiff in support of it, the court finds that the defendant has not waived . . . his or her right to be notified and heard, the court shall promptly issue an order directed to the defendant to show cause why the claimed property should not be taken from the possession of the defendant and delivered to plaintiff. Such order shall . . . [f]ix the date and time for hearing on the order.

The motion for an order to show cause offers additional grounds in support of the complaint's request for replevin, and the defendants "ha[ve] not waived . . . [their] right to be notified and heard" on the request for replevin.

---

[6] The complaint fails to clarify R&M Marketing's interest in this action. First, the complaint includes no mention of Maaliki's relation to R&M Marketing. R&M Marketing's conducting business as Maaliki Motors suggests that Maaliki is at least one of several owners of the company, but the complaint neither confirms nor denies this suggestion. Second, although the complaint states that "Maaliki and [R&M Marketing jointly] own the [v]ehicles[, the boat, and the trailer]" (Doc. 1 at 3), the plaintiffs attach to the complaint exhibits that suggest that R&M Marketing has sole title to the assets. The plaintiffs fail to explain why the exhibits display only R&M Marketing as the owner of the assets. Finally, the plaintiffs fail to explain, if R&M Marketing owns the assets or if Maaliki and R&M Marketing jointly own the assets, under what authority Maaliki delivered the assets to Best Buy in satisfaction of his personal obligation under the contract with Collado.

## CONCLUSION

The defendants' motion (Doc. 11) to dismiss is **DENIED**.  The plaintiffs'

motions (Docs. 5, 14) for an order to show cause and for a hearing on the request for

replevin are **GRANTED**.[7]  The parties must appear in Courtroom 15A, United

States Courthouse, 801 North Florida Avenue, Tampa, on **APRIL 26, 2016,**

**at 1:30 P.M.** for a hearing in accord with Section 78.065(2)(a).[8]  The clerk is directed

to enter a notice of hearing.

In accord with Section 78.065(2)(f), "if [a] defendant fails to appear[,] the

defendant shall be deemed to have waived his or her right to a hearing and that in

such case the court may order the clerk of the court to issue a writ of replevin."  In

accord with Section 78.065(2)(e):

> [A] defendant has the right to file affidavits on his or her behalf with the
> court and may appear personally or by way of an attorney and present
> testimony on his or her behalf at the time of the hearing . . . . [Also, a]
> defendant may, upon a finding by the court . . . that the plaintiff[s are]
> entitled to the possession of the claimed property . . . , file with the court
> a written undertaking executed by a surety approved by the court in an
> amount equal to the value of the property to stay an order authorizing
> the delivery of the property to the plaintiff[s].

At the hearing, the plaintiffs must (1) explain the relation between Maaliki and

R&M Marketing; (2) identify the owner of each vehicle, the boat, and the trailer; and

---

[7] The defendants fail to respond to either motion.

[8] Section 78.065(2) lists instructions that an order directing the defendants to show cause
must include. Specifically, Sections 78.065(2)(b)–(d) require the order to include instructions about
service of the complaint and of the order. Because counsel for the defendants has appeared in this
action and receives electronic service through CM/ECF, the requirements in
Sections 78.065(2)(b)–(d) are satisfied.

(3) if R&M Marketing owns the assets or if Maaliki and R&M Marketing jointly own the assets, under what authority Maaliki delivered the assets to Best Buy in satisfaction of his personal obligation under the "Contract for Sale and Purchase of Best Buy Auto of Tampa Bay, Inc., Etc."

ORDERED in Tampa, Florida, on April 14, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE